UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN W. GAGNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV-10-21-B-W |
| | ) |
| LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE RECORD DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

On December 21, 2009, John W. Gagnon filed a Complaint in Aroostook County Superior Court for the state of Maine against Lincoln National Life Insurance Company (Lincoln), alleging that he was a full-time employee of Maine Woods Company, LLC (Maine Woods), that Lincoln insured Maine Woods for long-term disability under a group policy, that he had become disabled and submitted medical documentation of his inability to engage in any substantial gainful employment, but that Lincoln had improperly denied his claim for disability benefits. *Compl.* Attach. 1 (Docket # 1). On January 15, 2010, Lincoln removed the case to this Court. *Notice of Removal* (Docket # 1). On May 13, 2010, Lincoln moved for judgment on the record on the ground that Mr. Gagnon failed to exhaust administrative remedies.[1] *Def.'s Mot. for*

---

[1] In accordance with the Amended Scheduling Order in this case, Lincoln filed the administrative record on April 12, 2010. *Def.'s Mot. to File Admin. Record Under Seal* (Docket # 14). It has now moved for judgment on that record. More typically, the parties proceed with ERISA cases by filing motions for summary judgment or motions for judgment on a stipulated record. *Boston Five Cents Sav. Bank v. Sec'y of Dep't of Hous. & Urban Dev.*, 768 F.2d 5, 11-12 (1st Cir. 1985) (discussing differences between a motion for summary judgment and a motion for judgment on a stipulated record). Here, Lincoln moved for judgment without a stipulated record and without a statement of material fact. Nevertheless, the Plaintiff has failed to respond at all and there has been no objection to the Court's consideration of the record as earlier filed by Lincoln. Rather than treat the record as stipulated, which would allow the Court to make factual findings, the Court in excess of caution is treating the record as a motion for summary judgment and is viewing the record in the light most favorable to Mr. Gagnon.

*J. on the Record Due to Failure to Exhaust Admin. Remedies* (Docket # 16) (*Def.'s Mot.*). Pursuant to Local Rule 7(b), Mr. Gagnon was required to file an objection to Lincoln's motion by June 3, 2010. He did not do so. By failing to file an objection with the Court, Mr. Gagnon has waived objection to Lincoln's motion. D. Me. Loc. R. 7(b) (stating that unless within 21 days after the filing of a motion the opposing party filed a written objection, "the opposing party shall be deemed to have waived objection").

The failure of a party to object does not, however, necessarily entitle the movant to the requested relief. The Court is still obligated to ascertain whether judgment is appropriate as a matter of law. *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 118 (1st Cir. 2005). Here, the record reveals that Lincoln paid disability benefits to Mr. Gagnon from August 2007 until April 2009 under the "own occupation" standard. *Admin. Record* at 24-25. However, after twenty-four months, Mr. Gagnon's claim was measured against the "any occupation" standard, and in April 2007, Lincoln concluded that Mr. Gagnon did not qualify for continuing disability benefits under this stricter standard. *Id.* at 146-49. It therefore terminated his benefits. *Id.* In doing so, Lincoln informed Mr. Gagnon of his right to have its denial administratively reviewed. Mr. Gagnon did not file a request for administrative review. *Id.* at 148. Instead, he filed a law suit in state court.

Quoting *Madera v. Marsh USA, Inc.*, Lincoln says that "[b]efore a plaintiff may assert an ERISA claim. . ., he must first exhaust his administrative remedies." *Def.'s Mot.* at 4 (quoting *Madera*, 426 F.3d 56, 61 (1st Cir. 2005). More specifically, in *Terry v. Bayer Corp.*, the First Circuit concluded that a claimant's failure to file a timely administrative appeal barred his ERISA claim. 145 F.3d 28, 40 (1st Cir. 1998). If a late administrative appeal bars an ERISA lawsuit, the failure to file any administrative appeal at all must do so as well.

Applying First Circuit precedent to the administrative record, the Court concludes that judgment in favor of Lincoln and against Mr. Gagnon is appropriate.

The Court GRANTS Lincoln National Life Insurance Company's Motion for Judgment on the Record Due to Failure to Exhaust Administrative Remedies (Docket # 16) and ORDERS judgment to issue in favor of Lincoln National Life Insurance Company and against John W. Gagnon.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2010